IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| THONY BEAUBRUN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 322-002 |
| ) | |
| GEORGIA DEPARTMENT OF ) | |
| CORRECTIONS; TIMOTHY C. WARD; ) | |
| and WARDEN TOMMY BOWEN, ) | |
| ) | |
| Defendants. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Dodge State Prison in Chester, Georgia, is proceeding *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. He, along with nineteen other inmates, signed a complaint originally filed in the Middle District of Georgia. (Doc. no. 3.) Notably, however, only Plaintiff's name was listed in the caption of the complaint, and only Plaintiff submitted a motion to proceed IFP. (See doc. nos. 1, 3.) Prior to entry of the order transferring the case to the Southern District of Georgia, Magistrate Judge Christopher C. Bly granted Plaintiff's IFP motion and recommended dismissing the entire case without prejudice. (See doc. no. 16.)

As explained in the Report and Recommendation, if all twenty prisoners intended to join in one case, such is not allowed: Eleventh Circuit case law requires each prisoner to separately file an IFP motion or pay the filing fee separately, and the Prison Litigation

Reform Act precludes multi-plaintiff prisoner suits.  (See id. at 3-4 (collecting cases).) Magistrate Judge Bly also recommended Plaintiff's claims be dismissed "both because the complaint refers to claims by other [prisoners] . . . and because the complaint is too vague and conclusory to survive initial review pursuant to 28 U.S.C. § 1915A."  (Id. at n.1.) Magistrate Judge Bly explained the dismissal without prejudice would allow Plaintiff to file another complaint if chose to do so.  (Id.)  Lastly, Magistrate Judge Bly recommended dismissing all other pending motions, many of which had been filed by other prisoners who were not listed as a plaintiff in the caption of the complaint.  (Id. at 4-5.)

Upon entry of the Report and Recommendation, United States District Judge William M. Ray, II, entered a show cause order concerning venue.  (Doc. no. 23.)  Plaintiff did not object to transferring the case to the Southern District, (doc. no. 26), and Judge Ray entered his transfer order on January 5, 2022, without taking final action on the pending Report and Recommendation, (doc. no. 23 at n.1; doc. no. 27).

Given the unusual procedural history of the case, and given the previous pleading deficiencies identified in Plaintiff's *pro se* complaint, the Court **REPORTS** and **RECOMMENDS** all motions pending at the time of transfer be **DENIED WITHOUT PREJUDICE**.[1]  (Doc. nos. 4, 8, 10, 11, 13, 14, 19-22, 24, 25.)  As to any prisoners other than Plaintiff who signed the complaint but were not listed in the caption and did not submit

---

[1] Nothing in this recommendation to deny the motions without prejudice would prevent Plaintiff from re-urging any of the motions at the appropriate time.

an IFP motion or filing fee, the Court further **RECOMMENDS** dismissal of those claims, as well as those individuals, without prejudice.[2]

In an effort to clarify Plaintiff's individual claims, and to ensure Plaintiff provides the information that the Southern District requires on its standard complaint form used by incarcerated litigants, the Court further **RECOMMENDS** the following procedure be followed to allow Plaintiff to amend his pleadings from the Middle District, should United States District Judge Dudley H. Bowen, Jr., adopt the instant Report and Recommendation. If Judge Bowen adopts the recommendation for proceeding with the case as described above, and if Plaintiff wishes to proceed with this case, he must within fourteen days of the date of Judge Bowen's Order, file a complete amended complaint on the standard complaint form used by incarcerated litigants in the Southern District of Georgia, and include all matters he wishes the Court to consider in that one document.

The Clerk of Court will attach a standard form complaint used by incarcerated litigants in the Southern District of Georgia, stamped with this case number, to Plaintiff's service copy of Judge Bowen's Order. The Statement of Claim must not exceed six handwritten pages attached to the standard form. See Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (*per curiam*) (affirming the dismissal of a case where the plaintiff failed to heed the pleading instructions from the court regarding re-drafting the

---

[2]The Court notes no objection to dismissal of the potential other plaintiffs was lodged. Plaintiff Beaubrun only objected to dismissal of his claims, (doc. no. 19), and he moved to amend some of his own claims, (doc. no. 22). As explained herein, the Court is recommending Plaintiff be given a chance to amend his complaint to state all of his own claims in one pleading that this Court will review under § 1915A.

complaint); see also London v. Georgia Dep't of Corr., CV 502-107, doc. no. 10 (M.D. Ga. May 10, 2002) (directing that amended complaint shall not exceed six handwritten pages).

The amended complaint must be printed legibly so that the Court may discern Plaintiff's claims, and it will supersede and replace in their entirety the previous pleadings filed by Plaintiff. Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016); Lowery v. Alabama Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case"). It must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit. Furthermore, the body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. The numbered paragraphs in his amended complaint should include information such as: (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred.

While Plaintiff may attach exhibits to his amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his complaint. For example, Plaintiff should not simply state, "See attached documents." Thus, Plaintiff must name the individuals whom he seeks to include as Defendants in both the caption and the body of his amended complaint; he may not rely on the fact that individuals are named in the exhibits attached to his amended complaint as a means of including such persons as defendants to this lawsuit. The Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint.

Plaintiff is further cautioned that no portion of any prior pleading shall be incorporated into his amended complaint by reference. Moreover, Plaintiff shall submit only one amended complaint in accordance with the terms of these instructions. Therefore, should Judge Bowen adopt the recommendation for proceeding with the case as described above, within fourteen days of Judge Bowen's Order, Plaintiff shall state in the single amended complaint filed in accordance with the terms of these instructions all claims that he wishes the Court to consider as a basis for awarding the relief sought.

Once Plaintiff submits his amended complaint on the form used in the Southern District, the Court will review the amended complaint to determine which, if any, claims are viable and which, if any, Defendants should be served with a copy of the amended complaint. If Plaintiff fails to respond timely with the above-described amended complaint, the Court will presume that Plaintiff desires to have this case voluntarily dismissed and will dismiss this action, without prejudice.[3]

In sum, the Court **REPORTS** and **RECOMMENDS** all motions pending at the time of transfer be **DENIED WITHOUT PREJUDICE**. (Doc. nos. 4, 8, 10, 11, 13, 14, 19-22, 24, 25.) As to any prisoners other than Plaintiff who signed the complaint but were not listed in the caption and did not submit an IFP motion or filing fee, the Court further **RECOMMENDS** dismissal of those claims, as well as those individuals, without prejudice.

---

[3]As noted above, the Clerk of Court will provide the complaint form, as necessary. The time for compliance would not begin to run unless and until Judge Bowen adopts the recommendation herein.

Should Judge Bowen adopt this recommendation, Plaintiff should have fourteen days from the date of Judge Bowen's Order to submit an amended complaint as described herein.

SO REPORTED and RECOMMENDED this 10th day of January, 2022, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA